UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

NIKO S. SIMMONS,

              Plaintiff,           Case No. 1:14-cv-1242

v.                                    Honorable Paul L. Maloney

BLAINE LAFLER et al.,

              Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On February 25, 2015, the Court issued an opinion and order (docket ##14, 15) denying Plaintiff's request for a preliminary injunction and dismissing the complaint, in part, as to all defendants but Corizon, because the claims against the other defendants were either barred by the statute of limitations or failed to state a claim. The matter presently is before the Court on Plaintiff's motion for relief from judgment under Rule 60(b)(4) (docket #16), which the Court construes as a motion for reconsideration because no final order or judgment has been entered in this case. For the reasons stated herein, Plaintiff's motion will be granted in part and denied in part.

Under Rule 54(b) of the Federal Rules of Civil Procedure, a non-final order is subject to reconsideration at any time before entry of a final judgment. *Id.*; *see also ACLU v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010). Western District of Michigan Local Civil Rule 7.4(a) provides that "motions for reconsideration which merely present the same issues ruled upon by the Court shall not be

granted." Further, reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been misled . . . [and] that a different disposition must result from a correction thereof." *Id.*

### I. Objections based on the procedural posture of the case

Plaintiff asserts several objections based on the fact that this case was initially filed in the Eastern District of Michigan, based on the orders entered in that district before the case was transferred to this Court, and based on the fact that he has not had an opportunity to discover or present evidence. Specifically, Plaintiff contends that (a) this Court's opinion and order dismissing defendants conflicted with an order of the magistrate judge in the Eastern District of Michigan, (b) the Court lacked jurisdiction to dismiss any claims or defendants, (c) the Court deprived Plaintiff of due process when it entered an order in conflict with the magistrate judge, and (d) the dismissal of any defendants or claims was premature.

### A. Conflict with magistrate judge's order

First, Plaintiff asserts that this Court's opinion and order are invalid because they contradicted an order from the magistrate judge in the Eastern District of Michigan, which found that the complaint "states at least one cognizable claim and that service of the complaint, therefore, is appropriate." (*See* Order for Deficiency for Prisoner Civil Action (E.D. Mich. Aug. 14, 2014), docket #4.) In the same order, the magistrate judge ordered Plaintiff to provide additional copies of the complaint for service on all eight defendants.[1] Plaintiff asserts that the magistrate judge's order indicates that he reviewed the complaint under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996),

---

[1] Service was never completed because Plaintiff failed to provide the copies within the allotted time and the case was dismissed for lack of prosecution. Plaintiff subsequently moved for reconsideration, and the district court for the Eastern District reopened the case and transferred it to this Court for further proceedings (docket #10).

and determined that it stated a claim against all defendants. Plaintiff asserts that this Court does not have the authority to overturn that decision.

Contrary to Plaintiff's assertion, there is no conflict between the Court's February 25, 2015 opinion and order of partial dismissal and the order of the magistrate judge. The magistrate judge did not find that Plaintiff states a claim against all defendants. Instead, the magistrate judge conducted "an initial review" and found that the complaint "is not frivolous and states *at least one cognizable claim* and that service of the complaint, therefore, is appropriate." (*See* docket #4 (emphasis added).) This Court agrees with those findings; the complaint is not frivolous, Plaintiff states at least one cognizable claim, and service of the complaint is appropriate. Unlike the magistrate judge, however, this Court made additional findings with respect to specific defendants. Plaintiff does not state a viable claim against some of them; consequently, he does not need to provide eight copies of the complaint.

In any event, this Court is not bound by prior orders entered in the same case. Until the entry of judgment, the Court has the inherent power to alter or amend any of its own orders. *Cohn v. United States*, 259 F.2d 371, 376 (6th Cir. 1958). In addition, the Court has discretion to revisit issues decided by another district court in the same case. *United States v. Todd*, 920 F.2d 399, 403 n.1 (6th Cir. 1990) ("Between coordinate courts, a court is not deprived of the power to revisit a previously decided issue, so long as the case remains within its jurisdiction."). Because this case was within the Court's jurisdiction at the time of its opinion and order, the Court had the authority to revisit any issues decided by the magistrate judge in the Eastern District of Michigan. Thus, the magistrate judge's order does not require this Court to order service of the complaint on all Defendants.

### B. Jurisdiction

Plaintiff argues that this Court lacks jurisdiction to dismiss any defendants; he contends that the case was transferred to this district for the sole purpose of deciding whether he is entitled to proceed without prepayment of fees. To the contrary, the entire action was transferred to this Court "for further proceedings," because Plaintiff sues defendants in this district and most of his claims concern conduct occurring in this district. (Op. & Order 5-7 (E.D. Mich. Dec. 3, 2014), docket #10.) Thus, the Court has jurisdiction to review Plaintiff's complaint and to dismiss defendants based on that review.

### C. Due process

Plaintiff contends that the Court deprived him of due process when it entered an order that is inconsistent with the order of the magistrate judge; however, the PLRA authorizes the district court to dismiss an action *sua sponte* if it is frivolous or fails to state claim. Moreover, Plaintiff has had an opportunity to object to the Court's decision by filing a motion for reconsideration. Thus, Plaintiff has received all the process to which he is entitled.

### D. Dismissal of defendants

Plaintiff argues that dismissal of defendants was premature because he has not been given an opportunity to conduct discovery or present proof of his claims. (*See* Mot. for Relief from J., docket #16, PageID##171, 178, 180.) To the extent that Plaintiff's objection pertains to dismissal of Defendant Rogers, the Court need not consider it because the Court will enter an amended order requiring service of the complaint on Defendant Rogers. *See* Section III *infra*.

To the extent that Plaintiff's objection pertains to dismissal of Defendants Lafler, Tabor, Klatt, Curtin, and Brinkley, his argument is without merit. At this stage of the proceedings, the issue is

whether his allegations, taken as true, state a viable claim, not whether he has evidence to support them. The Court dismissed the latter Defendants because Plaintiff's claims against them are barred by the statute of limitations. The Court can raise this issue at screening, prior to discovery. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (noting that a complaint is subject to dismissal for failure to state a claim under the PLRA "if the allegations [of the complaint] . . . show that relief is barred by the applicable statute of limitations . . . ."). Moreover, as explained in more detail in Section II.C *infra*, Plaintiff does not need evidence to *prove* that his claims are timely; instead, he must *allege facts* sufficient to permit a reasonable inference that he is entitled to tolling or some other basis for avoiding a statute of limitations defense that is apparent from the face of his complaint. He does not need discovery or evidence to make such allegations. Thus, Plaintiff's assertion that dismissal is premature is without merit.

II. <u>Objections to dismissal based on the statute of limitations</u>

Plaintiff objects to the Court's finding that his claims against Defendants Lafler, Tabor, Klatt, Curtin, and Brinkley are barred by Michigan's three-year statute of limitations. Specifically, he contends that: (a) his claims regarding the MRSA infection are timely; (b) he is entitled to the four-year statute of limitations in 28 U.S.C. § 1658; (c) he is entitled to tolling of the statute of limitations for the period that he attempted to exhaust his state remedies; and (d) he is entitled to tolling of the statute of limitations due to the fact that he has post-traumatic stress disorder.

**A. Claims regarding MRSA infection**

Plaintiff contends that the statute limitations for his claim regarding inadequate treatment for an MRSA infection in 2004/2005 has not expired because he continues to be a "carrier" of MRSA, and will suffer the consequences of that infection indefinitely. (Mot. for Relief from J., docket #16, Page

ID#180.) Plaintiff's argument fails to recognize the distinction between the continuing effects of a past wrong and a continuing violation. Limitation periods begin to run in relation to the unlawful acts themselves, not in relation to the continuing effects of past unlawful acts. *Dixon v. Anderson*, 928 F.2d 212, 216 (6th Cir. 1991). The present consequences of conduct occurring in 2004/2005 do not extend or restart the limitations period. The limitations period for challenging that conduct has expired; thus, he can no longer obtain relief for its effects.

### B. 28 U.S.C. § 1658

Plaintiff contends that he is entitled to the four-year limitations period in 28 U.S.C. § 1658, instead of the three-year statute of limitations under Michigan law. Section 1658 applies to "a civil action arising under an Act of Congress enacted after [December 1, 1990,] the date of the enactment of this section." The Court explained in its February 25, 2015 Opinion that the four-year statute of limitations in § 1658 does not apply to claims arising under § 1983. In response, Plaintiff asserts that the PLRA applies to his claims; unlike § 1983, the PLRA is an act of Congress enacted after December 1, 1990. Nevertheless, Plaintiff's civil action does not "arise under" the PLRA. *See* 28 U.S.C. § 1658. The PLRA does not provide for a cause of action; thus, § 1658 does not apply.

### C. Tolling (exhaustion)

Plaintiff asserts that the statute of limitations was tolled while he attempted to exhaust his administrative remedies "for the RETALIATORY TRANSFER CLAIM WHILE RESIDING AT KCF," a process that was not complete until February 10, 2014. (Mot. for Relief from J., docket #16, Page ID#180.) Thus, Plaintiff contends that the statute of limitations for that claim expires in February 2017.

The statute of limitations is tolled for the period during which a plaintiff's available state remedies are being exhausted. *See Brown v. Morgan*, 209 F.3d 595, 596-97 (6th Cir. 2000). The period of tolling alleged by Plaintiff is irrelevant to this action, however, because there are no claims in the complaint pertaining to a retaliatory transfer occurring while he was housed at Kinross Correctional Facility (KCF). In the complaint, Plaintiff alleges that he was transferred for retaliatory reasons on two occasions in 2010. In June 2010, he was transferred from Carson City Correctional Facility (DRF) to Oaks Correctional Facility (ECF), and in December, he was transferred from ECF to KCF. He does not allege any facts regarding a retaliatory transfer occurring while he was housed at KCF.

The documents attached to Plaintiff's motion confirm that the "retaliatory transfer" claim exhausted in 2014 has no bearing on any of the issues alleged in the complaint. According those documents, Plaintiff filed a grievance about an incident occurring at KCF in 2012. In a Step II appeal from the denial of Grievance No. KCF-12-12-1273-24B, Plaintiff complained that on December 12, 2012, "ARUS Suriano & Menard . . . impose[d] a 24 month 'minor' misconduct free period . . . in order to transfer downstate . . . ." (*See* docket #16-1, Page ID#193.) In the Step III appeal for the same grievance, Plaintiff complained that "to withhold the Gri[e]vant's transfer eligibility hostage on the strength of a minor misconduct can not be justified . . . because the two year ticket requirement does not apply to minors!" (*Id.*) In a letter to Plaintiff dated May 7, 2013, a grievance specialist for the MDOC denied the step III appeal. (*Id.* at Page ID#194.) In a letter to Plaintiff dated February 10, 2014, Ombudsman Keith Barber from the Office of Legislative Corrections Ombudsman explained that his office "receive[s] many requests from prisoners and their families requesting transfer closer to the prisoners's home," but prisoners have "no right to placement at a particular security level or correctional facility." (*Id.* at Page ID#195.)

Nowhere in the complaint does Plaintiff allege that officials at KCF, such as ARUS Suriano & Menard, refused to transfer him to another facility. Indeed, none of the defendants in this action are located at KCF. Consequently, the grievance process identified by Plaintiff does not save any of his claims from dismissal.

Plaintiff also argues that dismissal was improper because, like a dismissal under the PLRA, a Rule 12(b)(6) dismissal on statute of limitations grounds is permitted "'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" (Mot. for Relief from J., docket #16, Page ID#181 (quoting *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991).) Plaintiff ostensibly argues that his allegations meet this standard because they leave open the possibility that he can prove that the limitations period was tolled. Plaintiff's reliance on *Vaughan* is misplaced. When the court in *Vaughan* made the foregoing statement, it was quoting another Ninth Circuit opinion, *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980), which adopted the quoted standard from *Leone v. Aetna Casualty & Surety Co.*, 599 F.2d 566 (3d Cir. 1979). *Leone*, in turn, relied on *Conley v. Gibson*, 355 U.S. 41 (1957), which stated that "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *See Leone*, 599 F.2d at 567 (quoting *Conley*, 355 U.S. at 45-46). Thus, the Ninth Circuit's test in *Vaughan* derives from the "no set of facts" test in *Conley*.

Decisions from the Ninth Circuit are not binding on this Court, but the Court of Appeals for the Sixth Circuit has used similar language to describe when it is appropriate to dismiss a time-barred claim based on the allegations of the complaint. *See, e.g.*, *New England Health Care Employees*

*Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir. 2003) ("[A] motion to dismiss on statute of limitations grounds should be granted 'when the statement of the claim affirmatively shows that the plaintiff *can prove no set of facts* that would entitle him to relief.'") (quoting *Ott v. Midland-Ross Corp.*, 523 F.2d 1367, 1369 (6th Cir. 1975) (emphasis added)); *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 946 (6th Cir. 2002) ("Dismissal of a complaint because it is barred by the statute of limitations is proper when 'the statement of the claim affirmatively shows that the plaintiff *can prove no set of facts* that would entitle him to relief.'") (quoting *Duncan v. Leeds*, 742 F.2d 989, 991 (6th Cir. 1984) (emphasis added)). The "no set of facts" language in the foregoing cases comes from *Conley*. *See Ott*, 523 F.2d at 1369 (citing *Conley*, 355 U.S. at 45).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court stated that the "no set of facts" test in *Conley* is "best forgotten as an incomplete, negative gloss on an accepted pleading standard" that, when read in isolation, would allow "any statement revealing the theory of the claim [to] suffice unless its *factual impossibility* may be shown from the face of the pleadings[.]" *Id.* at 561, 563 (emphasis added). Such a "focused and literal reading" of the *Conley* test is problematic because it could permit "a wholly conclusory statement of claim [to] survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id.* at 561. "[T]his approach to pleading would dispense with any showing of a reasonably founded hope that a plaintiff would be able to make a case[.]" *Id.* at 562 (internal quotation marks omitted). The Court clarified that a plaintiff must plead sufficient facts to make out a "plausible" claim, rather than a merely "possible" one. *See id.* at 557, 564; *see also Aschcroft v. Iqbal*, 556 U.S. 662, 679

(2009) (stating that a plaintiff must allege facts that "permit the court to infer more than the mere possibility of misconduct").

Similarly, the tests for dismissal of a time-barred claim in *Vaughan* and *Ott* are problematic because they would permit a facially time-barred claim to proceed whenever the pleadings leave open a mere possibility that some set of undisclosed facts could show that the statute of limitations has not expired.

In some of its more recent decisions considering dismissal of expired claims, the Sixth Circuit has omitted reference to the *Conley* test, stating that dismissal is appropriate if "'the allegations in the complaint affirmatively show that the claim is time-barred.'" *Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 464 (6th Cir. 2014) (quoting *Cataldo v. United States Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones*, 549 U.S. at 215)).[2] Acknowledging *Twombly*, the Sixth Circuit has also stated that "[a] complaint containing a statement of facts that merely creates a *suspicion* of a legally cognizable right of action is insufficient." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 520 (6th Cir. 2008). Thus, "when the face of a complaint makes it apparent that the time limit for bringing the claim has expired, [the] plaintiff must affirmatively plead . . . why the statute should be tolled." *Reid v. Baker*, 499 F. App'x 520, 524 (6th Cir. 2012); *see Bishop*, 520 F.3d at 520 ("The obligation to plead facts in avoidance of the statute of limitations defense is triggered by the fact that 'it is apparent from the face of

---

[2]The Sixth Circuit has not abandoned the "no set of facts" language altogether. *See, e.g.*, *Z Technologies Corp. v. Lubrizon Corp.*, 753 F.3d 594, 597 (6th Cir. 2014); *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014). But as the Supreme Court explained, that language is not wrong; instead, it is "incomplete." *See Twombly*, 550 U.S. at 563. In other words, if the allegations make clear that proof of a viable claim is factually impossible, then dismissal is appropriate. *Id.* However, dismissal is also appropriate where a viable claim is *possible* but not "plausible." *See Z Technologies Corp.*, 753 F.3d at 597; *Hayward*, 759 F.3d at 608.

the complaint that the time limit for bringing the claim[s] has passed.'") (quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)). Here, Plaintiff's allegations affirmatively show that many of his claims are time-barred; thus, "he must come forward with allegations explaining why the statute of limitations must be tolled." *Bishop*, 520 F.3d at 520. Apart from a few conclusory statements in his motion for reconsideration, he has not done so.

For instance, Plaintiff asserts that he "earnestly attempted exhaustion for every Defendant named in the complaint." (Mot. for Relief from J., docket #16, Page ID#180.) This bare assertion that Plaintiff "attempted" to exhaust his claims in some unidentified manner for some unidentified period of time is not sufficient to avoid the statute of limitations. *Cf. Bishop*, 520 F.3d at 520 (a "bare assertion" that the plaintiffs were not aware of their cause of action does not suffice to avoid the statute of limitations). In other words, even accepting as true the well-pleaded allegations in Plaintiff's complaint (and the assertions of fact in his motion for reconsideration), they do not permit a reasonable inference that, with the benefit of tolling for exhaustion of state remedies, his claims are timely.

### D. Tolling (incapacity)

Plaintiff also claims that he is entitled to tolling of the statute of limitations because he suffers from post-traumatic distress disorder, and he has been excluded from participation in the prison legal writing program every year that he has been incarcerated in the MDOC. Where, as here, a federal court "borrows" a state statute of limitations, state law also governs questions of tolling, as long as the result is not inconsistent with federal law or policy. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484 (1980). Michigan Compiled Laws § 600.5851 governs tolling due to incapacity. It states, in pertinent part,

> [I]f the person first entitled to . . . bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to . . . bring the action although the period of limitations has run.

Mich. Comp. Laws § 600.5851(1). The statute defines "insane" as "a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane." *Id.* § 600.5851(2). "To be considered a disability, the infancy or insanity must exist at the time the claim accrues. If the disability comes into existence after the claim has accrued, a court shall not recognize a disability under this section for the purpose of modifying the period of limitations." *Id.* § 600.5851(3).

Plaintiff does not explain how his psychological disorder prevented him from filing a timely claim, nor does he contend that it "prevent[ed] [him] from comprehending rights he . . . [was] otherwise bound to know." *Id.* § 600.5851(2). Indeed, it is clear from the contents of his complaint, the contents of his grievances filed in 2013 (which are attached to his motion), and his litigating activity in another case from 2008 to 2010, *see Simmons v. Caruso*, No. 2:08-cv-14546 (E.D. Mich.) (filed by Plaintiff in 2008, dismissed on summary judgment in 2009, appeal by Plaintiff denied in 2010), that Plaintiff had the capacity to comprehend, articulate and pursue a timely claim. Thus, he is not entitled to tolling due to his alleged psychological issues. In short, the Court discerns no error in its dismissal of claims because they are barred by the applicable statute of limitations.

### III. Objections to dismissal of Nurse Rogers

Plaintiff objects to the Court's dismissal of Defendant Rogers. The Court determined that Plaintiff failed to state an Eighth Amendment claim against her because he failed to allege facts from which

to infer that she was deliberately indifferent to a serious risk of harm. In the complaint, Plaintiff alleged only that she prescribed Tegretol for pain stemming from his gunshot wounds, and then he developed a severe allergic reaction to this medication. Plaintiff also alleged that unidentified healthcare staff were indifferent to his requests for adequate pain medication, but he did not specifically allege that Nurse Rogers was involved in this conduct. In his motion for reconsideration, Plaintiff clarifies that Nurse Rogers' prescription for Tegretol was partly a result of Corizon's policy of refusing to provide any opiate-based pain medication. Plaintiff asserts that when he discussed his pain with Nurse Rogers, she "laughed and said it costs too much to dispense [opiate-based pain medication like Tylenol 3 and Vicodin] and it was cheaper to experiment with the medicine Tegretol, which is an anticonvulsant." (Mot. for Relief from J., docket #16, Page ID#170.) The Court concludes that, with these additional clarifying facts, the complaint states a plausible Eighth Amendment claim against Nurse Rogers. Consequently, the Court will issue an amended opinion and order for partial dismissal and partial service of the complaint that will require service on Defendant Rogers.[3]

### IV. Objections to dismissal of a claim against Corizon

The Court concluded that Plaintiff failed to state a claim against Corizon with respect to the inadequate treatment he received after he experienced the adverse reaction to Tegretol. As the Court explained, § 1983 does not allow for liability under a theory of respondeat superior, and Plaintiff does not contend that Corizon's customs or policies were responsible for his inadequate treatment. Plaintiff contends that he also states a negligence claim, and that Corizon may be liable under state law for the negligence of

---

[3]Plaintiff also asserts that he states a negligence and/or malpractice claim against Defendant Rogers. Because the Court has determined that the complaint will be served on Nurse Rogers based on at least one Eighth Amendment claim, it does not address whether Plaintiff states additional claims against her.

its employees. The Court's opinion did not address this issue; thus, the Court will amend its opinion to clarify that Plaintiff states at least one claim against Corizon. Except for those claims that are barred by the statute of limitations, the Court will not dismiss any other claims against Corizon at this time.

V. Judicial bias

Plaintiff contends that the judge presiding over this case is biased against him and should be disqualified. Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The provision requires a judge to *sua sponte* recuse himself if he knows of facts that would undermine the appearance of impartiality. *Youn v. Track, Inc.*, 324 F.3d 409, 422-23 (6th Cir. 2003); *Liteky v. United States*, 510 U.S. 540, 547-48 (1994). In addition, 28 U.S.C. § 144 requires that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." An affidavit filed under § 144 must "allege[] facts which a reasonable person would believe would indicate a judge has a personal bias

against the moving party." *Gen. Aviation, Inc. v. Cessna Aircraft, Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990). The alleged bias must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Extrajudicial conduct encompasses only "personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Youn*, 324 F.3d at 423 (internal quotation marks omitted). "Personal" bias is prejudice that

emanates from some source other than participation in the proceedings or prior contact with related cases. *Id.* (citing *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251-52 (6th Cir. 1989)); *Demjanjuk v. Petrovsky*, 776 F.2d 571, 577 (6th Cir. 1985)).

Plaintiff has not identified a prohibited source of bias or impartiality, and the Court discerns none. Plaintiff's assertion of bias stems entirely from his disagreement with the Court's order, which is not an adequate basis for recusal or disqualification. *See Liteky*, 510 U.S. at 555.

## Conclusion

In summary, the Court discerns no error in its dismissal of claims as untimely. Plaintiff offers no facts from which to infer that he is entitled to tolling of the statute of limitations, and the Court is not persuaded that it lacked authority to dismiss claims/defendants or that dismissal was improper for procedural reasons. In addition, Plaintiff's assertion of judicial bias is groundless. On the other hand, the Court agrees that Plaintiff states a plausible claim against Nurse Rogers, and that Corizon might be liable under state law for the actions of its employees. Accordingly, Plaintiff's motion for relief from judgment, construed as a motion for reconsideration, will be granted in part and denied in part as set forth herein. The Court will enter an order vacating the February 25, 2015 opinion and order for partial dismissal and partial service of the complaint. In addition, the Court will enter an amended opinion and amended order for partial dismissal and partial service of the complaint.

Dated:  April 17, 2015            /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                                Chief United States District Judge