UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKO S. SIMMONS, # 197744,           )
                                     )
            Plaintiff,               )    Case No. 1:14-cv-1242
                                     )
v.                                   )    Honorable Paul L. Maloney
                                     )
PENNY ROGERS, et al.,                )    **MEMORANDUM OPINION**
                                     )
            Defendants.              )
_____)

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. §1983. Plaintiff is an inmate at the Chippewa Correctional Facility (URF). (ECF No. 54). This lawsuit arises out of conditions of plaintiff's confinement in 2011 and 2012 at the Kinross Correctional Facility. (KCF). The defendants are Nurse Practitioner Penny Rogers and Corizon.[1] Plaintiff alleges that on August 4, 2011, he experienced an allergic reaction to Tegretol and that he received inadequate pain medication following outpatient surgery on September 11, 2012, to remove a cyst on his back. Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause. Plaintiff also alleges that Nurse Practitioner Rogers was grossly negligent in violation of Michigan law when she diagnosed plaintiff as having strep throat rather than Stevens-Johnson syndrome. Plaintiff seeks an award of damages.

---

[1] "Although plaintiff [did] not expressly name Corizon as a defendant, he [did] name PHS and CMS, and in the body of the complaint allege[d] that these organizations have merged into Corizon." (ECf No. 21, PageID.220).

The matter is before the Court on defendants' motion for summary judgment. (ECF No. 37). Plaintiff filed his response. (ECF No. 43, 45). For the reasons set forth herein, plaintiff's state-law claim will be dismissed pursuant to the statutory authority provided in 28 U.S.C. § 1915(e)(2)(B)(ii) because he fails to state a claim upon which relief can be granted. Defendants' motion for summary judgment will be granted and a judgment will be entered in defendants' favor on all plaintiff's federal claims.

## Preliminary Notes

A few matters need to be noted at the outset. Plaintiff concedes that he "has not provided any evidentiary support for his claims[.]" (ECF No. 43, PageID.515). Plaintiff noted in his complaint that his allegations were made on "information and belief." (ECF No. 1, PageID.33, 63, 87). "[S]tatements made on belief or on information and belief, cannot be utilized on a summary-judgment motion" and here, the Court cannot discern what statements plaintiff made on personal knowledge and under penalty of perjury and those he made on mere information and belief. *See Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015). Thus, plaintiff's complaint is not a verified complaint that could be considered as his affidavit in opposition to defendants' motion. *See, e.g., Brown v. City of Grand Rapids*, No. 1:13-cv-964, 2016 WL 4920144, at *3 n.3 (W.D. Mich. June 13, 2016); *Naumovski v. Federal Nat'l Mort. Ass'n*, No. 15-11466, 2016 WL 949220, at *2 (E.D. Mich. Mar. 14, 2016).

In any event, "verified" arguments and legal conclusions are not evidence. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med.*

*Sys., LLC*, 357 F. App'x 656, 662 (6th Cir. 2009); *Houston v. McDaniels*, No. 1:12-cv-299, 2014 WL 1493402, at *2 n. 2 (W.D. Mich. Apr.16, 2014). "Arguments in parties' briefs are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

Although plaintiff's briefs contain references to Federal Rule of Civil Procedure 56(d) (ECF No. 42, PageID.514; ECF No. 45, PageID.555), he did not file the "affidavit or declaration" required by the Rule. Accordingly, the Court, in its discretion, denies plaintiff's request to deny defendants' motion for summary judgment or defer consideration of the motion. *See Scadden v. Werner*, No. 16-1876, __ F. App'x __, 2017 WL 384874, at *3 (6th Cir. Jan. 27, 2017) ("even when a party provides a Rule 56(d) affidavit and a motion to extend discovery, the rule only provides that a court 'may' extend the discovery deadline."); *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). The primary consideration is whether the party seeking an extension was "diligent in pursuing discovery." *Scadden*, 2017 WL 384874, at *3. Plaintiff here was not diligent in pursuing discovery. (*See* ECF No. 48).

## Summary Judgment

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a

matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, No. 16-1876, __ F. App'x __, 2017 WL 384874, at * 4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir.

2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

### Facts

The following facts are beyond genuine issue. Plaintiff is an inmate in the custody of the Michigan Department of Corrections. He is currently an inmate at the Chippewa Correctional Facility (URF). Plaintiff was an inmate at the Kinross Correctional Facility (KCF) at all times relevant to his complaint. Penny Rogers is a licensed nurse practitioner and during the relevant time period in 2011 and 2012, she, and other health care professionals provided plaintiff with medical treatment. (Rogers Decl. ¶¶ 2-32, ECF No. 37-2, PageID.328-36).

The Pain Management Committee was established by the MDOC to address the appropriate and consistent management of pain for MDOC inmates. Upon review of the information regarding the patient's condition and pain, including a review of the patient's medical record, the Pain Management Committee makes a recommendation aimed at maintaining the patient's level of function while addressing his pain complaints. Pain control must be balanced with the need to function in life and to minimize the risk of prescription drug abuse. Excessive medication, while it may resolve a patient's pain, will threaten the patient's health and undermine the quality of that patient's life. (Rogers Decl. ¶ 8, PageID.330; Bomber Decl. ¶¶ 5-9, ECF No. 37-4, PageID.340-42).

On June 1, 2011, the Pain Management Committee noted plaintiff's history of substance abuse and his refusal of any pain medication in March 2011. The Pain Management Committee recommended offering plaintiff Tylenol and the NSAID of his choice up to the maximum dosage. In addition, the Pain Management Committee prescribed Tegretol for four months, with a gradual increase to a dosage of 200 mg. twice a day. (Rogers Decl. ¶ 10, PageID.331; ECF No. 39-1, PageID.386). Tegretol is an anticonvulsant. In addition to treating seizures, Tegretol is also used to treat nerve pain because it works by decreasing nerve impulses. Peer reviewed publications have confirmed the analgesic properties of Tegetol and other anti-convulsant medications for the management of chronic pain since the mid-1980s. There is no indication that this course of treatment was recommended for plaintiff because of cost, but rather it was a commonly used medication to treat pain that plaintiff had not been previously prescribed. Further, Tegretol does not raise the same risks of addiction or abuse as narcotic or opiate based medications. (Rogers Decl. ¶ 11, PageID.331).

On June 28, 2011, Nurse Practitioner Rogers saw plaintiff in connection with the treatment recommended by the Pain Management Committee. Plaintiff's treatment in accordance with the Committee's recommendation began on that date. (Rogers Decl. ¶¶ 12, 32, PageID.331-32, 336).

On August 6, 2011, it was reported that plaintiff fell down in the bathroom of his housing unit. He was feverish, had a red-dotted rash, and was in respiratory distress. He was transported by ambulance to a local hospital. It was believed that plaintiff had Stevens-Johnson syndrome as a reaction to Tegretol. There was nothing

in plaintiff's earlier medical records indicating that he would experience an allergic reaction. Stevens-Johnson is a rare and unpredictable syndrome, but usually appears as a reaction to medication or an infection. Plaintiff's prescriptions for Tegretol and Augmentin were discontinued. Plaintiff was transferred to Duane Waters Hospital. (Rogers Decl. ¶¶ 13-19, 32, PageID.332-33, 336; ECF No. 39-1, PageID.392-421). Later that month, plaintiff returned to KCF. (Rogers Decl. ¶ 20, PageID.334).

On September 11, 2012, plaintiff underwent outpatient surgery to remove a cyst on his back. (Rogers Decl. ¶ 28, PageID.335). Plaintiff received a prescription for Tylenol # 3. (ECF No. 39-1, PageID.458). Tylenol # 3 is a combination of acetaminophen and codeine, an opiate-based narcotic. (Bomber Decl. ¶ 13, ECF No. 37-4, PageID.343). Opiate based pain relievers have a common and serious side effect of psychological and physical addiction. Further, in the prison setting, they pose a higher risk of improper diversion for improper and illicit use. Even when the patient does not intend to misuse the drug, he may become a target for violence or other manipulation to obtain access to the patient's drugs. (Bomber Decl. ¶¶ 6-10, PageID.340-43). Given plaintiff's history of substance abuse and the other risks mentioned above, a medical determination was made to treat plaintiff with NSAIDs and other non-narcotic pain medications. (Rogers Decl. ¶ 29, PageID.335-36). This was an appropriate medical determination. (Bomber Decl. ¶¶ 13-16, PageID.343-44).

Corizon does not have any policy prohibiting the prescription of opiate-based medications to inmates. Nevertheless, and particularly with patients with a history of substance abuse, the prescription of such medications should be avoided, unless

medically necessary in lieu of other non-opiate based pain medications. (Bomber Decl. ¶¶ 5-16, PageID.340-44).

Nurse Practitioner Brand ordered 400 mg Motrin for plaintiff to take as needed for five days and 325 mg of Tylenol for plaintiff to take as needed for five days. Plaintiff refused the pain medication provided, insisting that he be provided with narcotic medication. (Rogers Decl. ¶¶ 29-30, PageID.335; ECF No. 39-1, PageID.461-64). On September 24, 2012, Dr. Neri found that plaintiff's surgical wound had completely healed. (Rogers Decl. ¶ 31, PageID.336; ECF No. 39-1, PageID.465).

On August 6, 2014, plaintiff filed this lawsuit.

## Discussion

**I.    Nurse Practitioner Rogers**

A.    Eighth Amendment Claim

Plaintiff alleges that Nurse Practitioner Rogers violated his Eighth Amendment rights under the Cruel and Unusual Punishments Clause. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the Court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard: a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. No reasonable trier of fact could find in plaintiff's favor on the subjective component of Eighth Amendment claims against defendant.

The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 837. The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted). Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment,

federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims which sound in state tort law. *See Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011); *Westlake*, 537 F.2d 860 n. 5; *Reed v. Speck*, 508 F. App'x 415, 419 (6th Cir. 2012) ("The subjective component is intended 'to prevent the constitutionalization of medical malpractice claims.' ") (quoting *Dominguez v. Corr. Med. Servs.*, 555 F.3d at 550)); *see also Hollis v. Holmes*, No. 1:14-cv-580, 2016 WL 1055750, at *4 (W.D. Mich. Mar. 17, 2016); *accord Baker v. Stevenson*, 605 F. App'x 514, 518 (6th Cir. 2015) ("[T]he Eighth Amendment does not impose a constitutional obligation upon prison officials to enable a prisoner's substance abuse or addiction problem.").

Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs against Nurse Practitioner Rogers. The record shows that defendant treated plaintiff's condition and displayed no deliberate indifference. The claims that defendant "should have" provided him with "different" medical care are at best, state-law malpractice claims. Plaintiff's disagreement with defendant's treatment falls far short of supporting an Eighth Amendment claim. *See e.g., Kosloski v. Dunlap*, 347 F. App'x 177, 180 (6th Cir. 2009); *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 357 (6th Cir. 2006).

B. State Law Claim

Although plaintiff attempted to plead around the requirements of Michigan's malpractice laws by labeling his claim as "gross negligence," plaintiff's claim that Nurse Practitioner Rogers misdiagnosed his condition clearly sounds in medical malpractice. Thus, plaintiff's proposed claim is "subject to the prerequisites imposed under Michigan law for the bringing of a malpractice claim, including that the complaint be accompanied by an affidavit of merit signed by a health professional attesting to defendant['s] failure to meet the standard of care. MICH. COMP. LAWS § 600.2912d(1). Plaintiff has failed to provide such [an] affidavit . . ., a failure that requires dismissal[.]" *Hamer v. County of Kent*, No. 1:13-cv-504, 2013 WL 8479414, at *9 (W.D. Mich. Nov. 6, 2013); *see also Miller v. Westcomb*, No. 2:14-cv-45, 2016 WL 4136536, at *4 (W.D. Mich. Aug. 4, 2016). This claim will be dismissed for failure to state a claim on which relief can be granted[2] pursuant to the statutory authority provided in 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Corizon

Plaintiff seeks to hold Corizon vicariously liable for the acts of its employee. A private corporation cannot be held liable under section 1983 on the basis of *respondeat superior* or vicarious liability. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th

---

[2]If Nurse Practitioner Rogers had not been so clearly entitled to dismissal of plaintiff's malpractice claim for failure to state a claim upon which relief can be granted, the Court would have declined to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *see also Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008); *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 853 (6th Cir. 2007).

Cir. 1996); *Spates v. Aramark Food Service*, No. 2:16-cv-92, 2016 WL 4136528, at *2 (W.D. Mich. Aug. 4, 2016).  Rather, the plaintiff must establish a policy or custom that caused the constitutional violation.  *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008); *see Lane v. Wexford Health Sources*, 510 F. App'x 385, 387-88 (6th Cir. 2013).  Plaintiff has not presented evidence of a custom or policy sufficient to establish entitlement to relief against the corporate defendant.  *See Street*, 102 F.3d at 818; *see also Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012).

## Conclusion

For the reasons set forth herein, plaintiff's state-law claim will be dismissed pursuant to the statutory authority provided in 28 U.S.C. § 1915(e)(2)(B)(ii) because he failed to state a claim upon which relief can be granted.  Defendants' motion for summary judgment (ECF No. 37) will be granted and a judgment will be entered in defendants' favor on all plaintiff's federal claims.


Dated:  March 30, 2017                       /s/ Paul L. Maloney
                                             Paul L. Maloney
                                             United States District Judge